UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

ASHLEY FURNITURE INDUSTRIES, INC.,

        Plaintiff,                        Civil File No. 07-C-0230-C
                                                    **(Trial by Jury Demanded)**

v.

LIFESTYLE ENTERPRISE, INC.,

        Defendant.

---

**LIFESTYLE'S MEMORANDUM IN SUPPORT OF
MOTION FOR BIFURCATED TRIAL**

---

Defendant Lifestyle Enterprise, Inc. ("Lifestyle"), by and through its attorneys, Lathrop & Clark LLP, by Kenneth B. Axe, Christopher J. Hussin and Carrie M. Benedon, and Brown, Crump, Vanore & Tierney, L.L.P., by Andrew A. Vanore, III, hereby submits the following Memorandum in Support of its pending Motion to Bifurcate the trial in the above-captioned matter into two separate phases to be tried to the same jury; first liability, and then if liability is found, damages and willful infringement.

**ARGUMENT**

I.    **BIFURCATION IS APPROPRIATE AND WARRANTED IN THE INTEREST OF JUDICIAL ECONOMY, TO AVOID CONFUSION OF THE JURY, AND TO AVOID PREJUDICE TO DEFENDANT LIFESTYLE.**

As the Court is aware, this matter was originally assigned to the Honorable Barbara B. Crabb, United States District Judge for the Western District of Wisconsin. Pursuant to her practice, until assigned to Judge Adelman, the trial was to be bifurcated, with the jury initially to decide liability, and then if liability were found, to immediately

1

move into a second phase regarding damages. In addition, the parties disagreed whether the issue of willful infringement, if to be tried at all, was appropriately tried in the first or second phase. Lifestyle's position, as discussed below, is that willfulness should be determined in the second phase of the trial, as it relates to plaintiff's remedy in the event of a finding of infringement. Moreover, the evidence to be submitted on willful infringement with respect to the infringer's state of mind, and whether it proceeded recklessly with knowledge of the patent, is not relevant to the issue of infringement itself, which is a strict liability tort, and instead could confuse the jury and prejudice Lifestyle.

Following reassignment, this Court has indicated that pursuant to its usual practice, and possibly to shorten the trial time, it would most likely proceed with one trial, rather than bifurcation. Defendant Lifestyle has now respectfully moved the Court to continue with bifurcation of the case, and to try the willfulness issue, if at all, in the second phase. (Lifestyle has moved the Court in limine to bar all arguments of willfulness and submission of such issue to the jury on the basis that there is no evidence of actual knowledge of the patents by Lifestyle prior to institution of suit, therefore, as there was no notice of the patents, and no preliminary injunction sought, only pre-suit conduct is relevant under *In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007). Without evidence of actual knowledge, there is no basis for a finding of willful infringement. (*See* Def. Motion in Limine No. 3; Def. Br. in Support of Motions in Limine ("Limine Br.") at pp. 16-19).

Rule 42(b), Fed. R. Civ. P provides the Court with discretion to try issues separately, or, as here, to bifurcate the trial into separate phases. The decision to

2

bifurcate issues of liability and damages for separate trials is committed to the sound discretion of the trial court. *Brom v. Bozell, Jacobs, Kenyon & Eckhardt, Inc.*, 867 F. Supp. 686, 689 (N.D. Ill. 1994). A court is granted considerable discretion to determine whether a separate trial is necessary to advance fairness in a particular case. *Helmac Products Corp. v. Roth (Plastics) Corp.*, 814 F. Supp. 581, 591-92 (E.D. Mich. 1993).

In exercising discretion, districts courts consider factors such as clarity, judicial economy, and possibilities for confusion. *Eischeid v. Dover Constr. Inc.*, 217 F.R.D. 448, 466 (N.D. Iowa 2003) (citations omitted). Thus, when exercising their broad discretion under the rule, courts should consider whether bifurcation will avoid prejudice, conserve judicial resources, and enhance juror comprehension of the issues presented in the case. *Ciena Corp. v. Corvis Corp.*, 210 F.R.D. 519, 520, 66 U.S.P.Q. 2d 1798 (D. Del. 2002).

Courts have often bifurcated patent infringement trials into infringement/liability and damages phases. *See, e.g., Ciena Corp. v. Corvis Corp.*, 210 F.R.D. 519, 521 (bifurcation of patent infringement trial into separate liability and damages phases was appropriate to reduce number of legal principles jury had to consider and apply); *Shepard v. International Business Machines Corp.*, 45 F.R.D. 536, 537 (S.D.N.Y. 1968) (recognizing that "the issue of damages is often more complex than the issues of validity and infringement;" trial of issues of validity, infringement and damages in same trial would only clutter record and tend to confuse jury, and thus damages would be tried separately); *Kos Pharmaceuticals, Inc. v. Barr Laboratories, Inc.*, 218 F.R.D. 387, 394

(S.D.N.Y. 2003), *clarification den.*, 293 F. Supp. 2d 370 (once evidence pertaining to liability was presented, court would divide fact-finding and charge the jury to adjudicate liability and defer consideration of willfulness claims; if jury reached a determination of validity and infringement, it would be directed to turn its attention to willfulness finding based on evidence supplemented by limited additional potential discovery of legal opinions); *Swofford v. B&W, Inc.,* 336 F.2d 406, 415 (5th Cir. 1964), *cert. den.*, 379 U.S. 962; *White Chemical Corp. v. Walsh Chemical Corp.,* 116 F.R.D. 580, 582 (W.D.N.C. 1987) (bifurcating patent infringement action into separate trials on liability and damages would simplify jury's task; determination of no liability would avoid need for damages trial, while liability might likely result in settlement); *Medtronic Xomed, Inc. v. Gyrus ENT LLC,* 440 F. Supp. 2d 1333, 1336 (M.D. Fla. 2006) (single trial was divided into separate liability and damages phases, all tried to same jury, where issues in case as to liability and damages were complex and distinct); *Cf. Apple Computer, Inc. v. Microsoft Corp.*, 821 F. Supp. 616, 630, 27 U.S.P.Q. 2d 1081 (N.D. Cal. 1993), *aff'd*, 35 F.3d 1435, 32 U.S.P.Q. 2d 1086, *cert. den.* 513 U.S. 1184 (bifurcation of liability and damages phases of copyright infringement action).

One reason given for bifurcation is that even without willfulness issues, the issues of liability and damages in patent cases are complex. <u>Grossman and Hoffman</u>, *Patent Litigation Strategies Handbook*, (Second Ed. 2005), at 926, citing *F&G Scrolling Mouse, L.L.C. v. IBM Corp.*, 190 F.R.D. 385, 387 (M.D.N.C. 1999) ("As a general rule, patent cases often deserve consideration for separate trials under Rule 42(b). This is because in patent cases, the issues of both liability and damages may be complex, but not

interwoven, and the trial of the damages issues themselves can be time consuming and expensive"); *Princeton Biochemicals, Inc. v. Beckman Instruments, Inc.*, 180 F.R.D. 254, 256, 45 U.S.P.Q. 2d 1757 (D. N.J. 1987).

In the case at bar, all of the above factors support bifurcation. First, in the interest of judicial economy, and convenience for the parties, bifurcation may shorten the ultimate trial. If the jury does not find infringement of all three patents, or finds infringement of only one or two of the patents, then damages evidence will not be necessary or may be limited. If the trial is not bifurcated, not only will all of the evidence have to be submitted, but the parties will have to argue to the jury regarding specific damages which could be found for each of the three patents at issue.

Second, bifurcation will enhance jury comprehension of the issues. To begin with, the jurors will have to understand design patent infringement, which involves not only comparison of the patent drawings for each of three separate patents to the accused products, but also determination of multiple points of novelty based upon a review of the prior art. (For the three patents, Ashley has proposed a total of 12 points of novelty). Aside from that, if the damages case were included, the jurors would also have to review each of the alleged commercial embodiments to determine whether they were covered by each patent and whether their sales had been affected.

In addition, with respect to damages, the jurors will not be asked to make a simple calculation of lost profits, or compensatory damages. Rather, plaintiff Ashley will be asking for four separate measures of damages, which arguably could apply to each patent: (1) lost sales, based upon projections as to what Ashley's sales allegedly would have

5

been but for entry of defendant Lifestyle into the market; (2) price erosion damages, or additional profits on its actual sales and alleged lost sales, based on the price that Ashley was charging before it made a unilateral determination to reduce its prices in December, 2006 (if Lifestyle's motion in limine is denied, then price erosion damages will also involve a determination as to whether Ashley's price reduction was necessary, appropriate and reasonable); (3) Lifestyle's profits on the accused dresser and mirror which it sold, after deducting Ashley's claimed lost sales; and (4) a reasonable royalty on the sale of Lifestyle's panel beds, after deducting Ashley's alleged lost sales of beds, applying the 17 *Georgia Pacific* factors. Thus, the jury will have to hear a good deal of economic evidence from damages experts with conflicting opinions in order to make a decision on damages. Ashley apparently intends to rely on voluminous documents to resolve damages. *Compare William Reber, L.L.C. v. Samsung Elec. Am., Inc.*, 220 F.R.D. 533, 537 (N.D. Ill. 2004) (order for bifurcation vacated, 2004 U.S. Dist. LEXIS 19291, after most of plaintiff's claims were settled, thus reducing complexity).

Not only might such testimony prove unnecessary if the trial is bifurcated, but the jury could well be confused if they heard this evidence during the liability phase. Therefore, it would be better for the jury to consider this evidence during a separate phase only if it has first found infringement.

Finally, bifurcation of the trial will reduce the possibility of prejudice to defendant Lifestyle. Lifestyle submits that the jury should not hear evidence as to alleged lost sales of Ashley while determining infringement. While such profits on sales are only avoidable if infringement is found, the jury might find it difficult to separate these

6

concepts, and seek to punish Lifestyle for what it might perceive to be unfair competition. Moreover, the evidence on willfulness, which involves intentional or reckless infringement, might well prejudice the jury with respect to determining infringement, a strict liability tort where intent is irrelevant. The jury might well conclude, for example, that failure to investigate or obtain a legal opinion somehow bears on infringement itself (rather than willfulness). If there was no infringement, such failure to investigate would be irrelevant.

## II. IF TRIED AT ALL, WILLFULNESS SHOULD BE TRIED IN THE DAMAGES PHASE.

The parties disagree as to when it is appropriate to determine willfulness. Lifestyle asserts the determination should be made in the second phase of the trial, as the issue goes to enhancement of damages. Lifestyle believes that this is how Judge Crabb has typically tried patent cases. In addition, in *Kos Pharmaceuticals,* 218 F.R.D. at 395, for example, the Court agreed that willfulness would not be put before the jury as an issue until there had been an adjudication of liability.

The issue of willful infringement is relevant only to the question of whether increased damages should be awarded pursuant to 35 U.S.C. § 284. *Medtronic, Inc. v. Catalyst Research Corp.*, 547 F. Supp. 401, 405, 216 U.S.P.Q. 2d 687 (D. Minn. 1982). As with damages in general, there is no need for the jury to delve into the issue of willfulness, unless it first finds infringement.

Bifurcation in patent cases usually separates the issues of willfulness and damages from liability. *F&G Scrolling Mouse, L.L.C. v. IBM Corp.*, 190 F.R.D. 385, 391 (M.D. N.C. 1999); *Quantum Corp. v. Tandon Corp.*, 940 F.2d 642, 644 (Fed. Cir. 1991).

In fact, the Federal Circuit has suggested bifurcating trial when willfulness is at issue in a patent infringement case. Grossman and Hoffman, *supra.*, at 926. Most courts include willfulness in the damages phase. *Id.* at 928.

## CONCLUSION

For the reasons set forth above, defendant Lifestyle Enterprise, Inc., respectfully request that the Court bifurcate the trial and not submit the issue of willfulness to the jury until the damages phase.

Dated this 27th day of March, 2008.

By: _____
Kenneth B. Axe
Christopher J. Hussin
Carrie Benedon
LATHROP & CLARK LLP
740 Regent Street, Suite, 400
P. O. Box 1507
Madison, WI 53701-1507
Telephone: (608) 257-7766
Facsimile: (608) 257-1507

Andrew A. Vanore, III
**BROWN, CRUMP, VANORE & TIERNEY, L.L.P.**
One Bank of America Plaza
421 Fayetteville Street Mall, Suite 1203
Raleigh, NC 27601
Telephone: (919) 835-0909
Facsimile: (919) 835-0915

**ATTORNEYS FOR DEFENDANT LIFESTYLE ENTERPRISE, INC.**